UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:07CV-24-R

CORPORATE SERVICES                                                    PLAINTIFF

v.

RICHARD SHUMAKER, et al.                                            DEFENDANTS

## MEMORANDUM OPINION

This matter comes before the Court on Defendants Wilmerding World Wide, Inc. ("WWW") and Richard Shumaker's Motion to Dismiss (Docket #15). Plaintiff filed a response (Docket #39) to which Defendants replied (Docket #41). This matter is now ripe for adjudication. For the following reasons, Defendants WWW and Shumaker's Motion to Dismiss is DENIED.

## BACKGROUND

Plaintiff filed claims against WWW and Shumaker arising from the use of an American Express merchant account. WWW is a corporation organized in Pennsylvania with its principle place of business located in Wilmerding, Pennsylvania. Shumaker was Vice President of WWW at the time the merchant card was opened. He is currently President and majority stockholder of the company.

The Complaint alleges that Shumaker caused two companies that he acquired control of, Vassuer Maintenance & Construction, Inc. ("VMCI") and Vasseur Industrial Services, Inc. ("VIS"), to amass millions of dollars in credit card charges on their American Express corporate accounts. The Complaint further alleges that virtually all of those credit card charges were processed through two American Express merchant accounts, one set up in the name of WWW and the other in the

name of Defendant Larry Stinson.  The Complaint states that unbeknownst to Plaintiff, WWW was a "front" owned, controlled, and dominated by Shumaker and that Stinson was an accomplice of Shumaker.  The Complaint alleges that WWW's and Stinson's merchant accounts were used by Defendants to obtain cash from American Express while artificially inflating their credit stature, even though no goods or services were being provided.  The Complaint states that when Plaintiff confronted Defendants and discovered that they were engaged in a form of prohibited credit card "factoring," it promptly ceased further dealings with Defendants and closed all related accounts; however, an aggregate delinquent credit card balance of $2,604,861.16 remains due and owing.  The Complaint also alleges that Shumaker and other Defendants entered into an asset purchase agreement where the assets of VMCI and VIS were sold to K & B Capital leaving the companies incapable of satisfying the debt due Plaintiff.

On March 30, 2007, Defendants WWW and Shumaker filed the present motion to dismiss based on the arbitration clause contained in the "Terms and Conditions for American Express Card Acceptance."  This document was presented to WWW when it opened its merchant account with Plaintiff.  The Agreement was submitted to Plaintiff under the signature and authority of Horace Mills, then President of WWW.  Salient provisions of the Agreement state:

> The terms and conditions found below apply to your acceptance of American Express Cards.  The words *we, our* and *us* mean American Express Travel Related Services Company, Inc.  *You* and *your* mean the business entity accepting the Card hereunder and its subsidiaries, affiliates and licensees which accept the Card.
>
> . . .
>
> By accepting the Cards for the purchase of goods and/or services and/or other payments due to you, you agree to be bound by this Agreement.

The arbitration clause of the Agreement states in pertinent part:

For the purpose of this agreement, *Claim* means any assertion of a right, dispute, or controversy between you and us arising from or relating to this Agreement and/or the relationship resulting from this Agreement.  Claim includes claims of every kind and nature including, but not limited to, initial claims, counterclaims, cross-claims and third party claims and claims based upon contract, tort, intentional tort, statutes, regulations, common law and equity.

. . .

IF ARBITRATION IS CHOSEN BY ANY PARTY WITH RESPECT TO A CLAIM, NEITHER YOU NOR WE WILL HAVE THE RIGHT TO LITIGATE THAT CLAIM IN COURT OR HAVE A JURY TRIAL ON THAT CLAIM, OR TO ENGAGE IN PRE-ARBITRATION DISCOVERY EXCEPT AS PROVIDED FOR IN THE CODE OR PROCEDURES OF THE NAF, JAMS, OR AAA, AS APPLICABLE.

Plaintiff filed a response to the motion to which Defendants WWW and Shumaker replied. In their reply, Defendants WWW and Shumaker indicated that the United States Postal Service is currently investigating the transactions at issue in this case and executed search warrants at the offices of Defendant WWW in May of 2007.  Defendants WWW and Shumaker indicated in their reply that they continue to maintain that commercial arbitration against WWW may be a sensible and expeditious way to navigate through this complex litigation, holding all other derivative claims in abeyance until the underlying commercial transactions have been arbitrated to a decision. However, Defendants WWW and Shumaker also stated that "[t]o the extent the Court must decide whether to defer all claims or none to arbitration, WWW/Shumaker concedes that the formal structure of this Court may prove an advantage to the parties in resolving these conflicts, particularly in light of the pending criminal investigation."

### STANDARD

Defendants WWW and Shumaker have moved the Court to dismiss under FED. R. CIV. P. 12(b)(1), which provides for dismissal for lack of subject matter jurisdiction.  Where a defendant

3

challenges subject matter jurisdiction under Rule 12(b)(1), the plaintiff bears the burden of establishing jurisdiction. *United States ex rel. McKenzie v. BellSouth Telecomms., Inc.*, 123 F.3d 935, 938 (6th Cir. 1997).  The motion to dismiss is properly granted only if it appears that the plaintiff can prove no set of facts which would entitle him to relief. *Id.*  "All factual allegations in the complaint are accepted as true and construed in the light most favorable to the plaintiff." *Id.*

## DISCUSSION

Congress enacted the Federal Arbitration Act ("FAA") in 1925 in "response to hostility of American courts to the enforcement of arbitration agreements." *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 111 (2001).  The FAA "creates a body of federal substantive law establishing and regulating the duty to honor an agreement to arbitrate." *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 n.32 (1983).  This body of law requires that "questions of arbitrability . . . be addressed with a healthy regard for the federal policy favoring arbitration," and "any doubts concerning the scope of arbitrable issues . . . be resolved in favor of arbitration." *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985).  Though there remains "no federal policy favoring arbitration under a certain set of procedural rules; the federal policy is simply to ensure the enforceability, according to their terms, of private agreements to arbitrate." *Volt Info. Scis., Inc. v. Bd. of Trs.*, 489 U.S. 468, 476 (1989).  Section 2 of the FAA provides that:

> A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2.

4

Here, Defendants WWW and Shumaker have conceded that if any party's claims are not arbitrable, the matter should remain in this Court. This Court will interpret this as Defendants WWW and Shumaker invoking arbitration only to the extent that claims against all Defendants may be arbitrated. Therefore, if the Court finds it inappropriate to submit any claim against any Defendant to arbitration, the Court shall deny the Motion to Dismiss.

The basis for Defendants WWW and Shumaker's assertion of a right to arbitration is the arbitration clause contained in the "Terms and Conditions for American Express Card Acceptance." Only Plaintiff and Defendant WWW were signatories to this agreement. Defendants WWW and Shumaker assert that all claims against Shumaker should also be deferred to arbitration on the basis of this agreement as Plaintiff seeks to pierce the corporate veil to hold Shumaker, Vice President of WWW at the time the merchant card was opened and current President and majority stockholder of the company, liable. Defendants Stinson, VMCI, VIS, L. Gayle Vasseur, Janet M. Vasseur, and K & B Capital, LLC were not signatories to the agreement nor have they moved for arbitration.

Arbitration is contractual by nature; "a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *United Steelworkers of Am. v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582 (1960). The Sixth Circuit has interpreted the FAA to find that a nonsignatory party may be bound by an arbitration agreement if so dictated by the ordinary principles of contract and agency. *Arnold v. Arnold Corp.*, 920 F.2d 1269, 1281-82 (6th Cir. 1990). In *Thomson-CSF, S.A. v. American Arbitration Association*, the Second Circuit identified five theories for binding non-signatories to arbitration agreements: "1) incorporation by reference; 2) assumption; 3) agency; 4) veil-piercing/alter ego; and 5) estoppel." 64 F.3d 773, 776 (2d Cir. 1995). In this case, Defendants WWW and Shumaker have provided no argument as to why the remaining

5

Defendants would be bound to arbitration under any of these theories.

Even assuming that the claims against Defendants WWW and Shumaker are arbitrable, there is no evidence arbitration would be appropriate as to the remaining Defendants. As Defendants WWW and Shumaker have invoked arbitration only to the extent that claims against all Defendants may be arbitrated, this Court finds that Plaintiff's Motion to Dismiss is properly denied.

## CONCLUSION

For the foregoing reasons, Defendants WWW and Shumaker's Motion to Dismiss is DENIED.

An appropriate order shall issue.

6