**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**
**CASE NO. 5:07-CV-00024-R**

**CORPORATE SERVICES, a business unit of**
**AMERICAN EXPRESS TRAVEL**
**RELATED SERVICES COMPANY, INC.**                                    **PLAINTIFF**

v.

**RICHARD SHUMAKER, et al.**                                                       **DEFENDANTS**

**OPINION AND ORDER**

This matter comes before the Court on Plaintiff's Motion to Lift Stay (DN 69). Defendants have responded (DN 71), and Plaintiff has replied (DN 73). This matter is now ripe for adjudication. For the reasons that follow, Plaintiff's Motion is GRANTED.

This matter arises from an alleged credit card "factoring" scheme. Plaintiff alleges that from 2002 to 2004 Defendant Richard Shumaker masterminded this scheme with accomplices Gayle Vasseur, Janet Vassuer, their companies Vasseur Maintenance & Construction, Inc. ("VMCI") And Vasseur Industrial Services, Inc. ("VSI"), and Larry Stinson. Shumaker allegedly caused VMCI and VIS to amass millions of dollars in credit card charges on their American Express corporate accounts. Virtually all of those credit card charges were processed through two American Express merchant accounts, one set up in the name of Wilmerding World Wide, Inc. ("WWW") and the other in Stinson's name. Plaintiff claims that WWW was a "front" owned, controlled, and dominated by Shumaker. WWW and Stinson's merchant accounts were allegedly used by Defendants to obtain cash from American Express while artificially inflating their credit stature, even though no goods or services were being provided. Plaintiff seeks $2,604,861.16 in unpaid charges and outstanding balances on Defendant's corporate American

Express credit card accounts.

On November 16, 2007, this Court held the case in abeyance due to an investigation being conducted by the United States Postal Service. Since that time, Shumaker has been indicted in the Western District of Pennsylvania. The Indictment charges Shumaker with conspiracy to commit mail and wire fraud based on a scheme taking place from June 2005 until December 2007. The other Defendants in the current matter have not been indicted.

Plaintiff argues that because Shumaker is being prosecuted for events separate and unrelated to those that form the basis of its civil action any Fifth Amendment concerns are misplaced, and the stay should be vacated. Defendants argue that because the business scheme which is alleged to be illegal in Pennsylvania is the exact same business scheme employed by Defendants in Kentucky the stay should remain in place. Defendants reason that if the Pennsylvania scheme is determined illegal then the Kentucky transactions would be equally illegal, and if participation in the Pennsylvania scheme subjected associates to criminal liability, the same criminal liability may attach to those associated to the Kentucky scheme.

"[A] court must tread carefully in granting a stay of proceedings, since a party has a right to a determination of its rights and liabilities without undue delay." *Ohio Envtl. Council v. U.S. Dist, Ct.*, 565 F.2d 393, 396 (6th Cir. 1977). The Court previously stayed the case because it found that Defendants faced a substantial threat of incrimination due to the U.S. Postal Service's investigation of Defendants. The possibility that Defendants may some day face criminal liability associated with the Kentucky scheme is no longer enough to stay this matter. The investigation which persuaded the Court to hold the case in abeyance has resulted in an indictment of one Defendant, Shumaker, for a business scheme in Pennsylvania too separate and

distinct from the Kentucky scheme to further justify a stay. *See Marchetti v. United States*, 390 U.S. 39, 54 (1968).

For these reasons, IT IS HEREBY ORDERED that Plaintiff's Motion to Lift Stay is GRANTED. IT IS FURTHER ORDERED that this case is referred to Magistrate Judge Dave Whalin for ruling on all discovery motions.