# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION
# CASE NO. 5:07-CV-00024-R

**CORPORATE SERVICES, a business unit of**
**AMERICAN EXPRESS TRAVEL**
**RELATED SERVICES COMPANY, INC.**                                    **PLAINTIFF**

v.

**RICHARD SHUMAKER, et al.**                                          **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendants' Motions to Dismiss (DN 122, 123). Plaintiff has responded (DN 130, 131). These motions are now ripe for adjudication. For the reasons that follow, the Defendants' motions are DENIED.

## BACKGROUND

The relevant facts for these particular motions are as follows. This matter arises from an alleged credit card "factoring" scheme. Plaintiff alleges that from 2002 to 2004 Defendant Richard Shumaker masterminded this scheme with accomplices Gayle Vasseur, Janet Vassuer, their companies Vasseur Maintenance & Construction, Inc. ("VMCI") and Vasseur Industrial Services, Inc. ("VSI"), and Larry Stinson. Shumaker allegedly caused VMCI and VIS to amass millions of dollars in credit card charges on their American Express corporate accounts. Virtually all of those credit card charges were processed through two American Express merchant accounts, one set up in the name of Wilmerding World Wide, Inc. ("WWW") and the other in Stinson's name. Plaintiff claims that WWW was a "front" owned, controlled, and dominated by Shumaker. WWW and Stinson's merchant accounts were allegedly used by Defendants to obtain cash from American Express while artificially inflating their credit stature,

even though no goods or services were being provided. In seeking the $2,604,861.16 in unpaid charges and outstanding balances on the American Express credit card accounts, Plaintiff brought suit against all of the above named parties.

Defendants VMCI and VSI have now filed identical Motions to Dismiss. In both motions, the Defendants claim that their dismissal from this action is appropriate because: (1) the corporations have been administratively dissolved by the Secretary of State's Office of Kentucky; (2) the dissolution of the corporations prohibits the registered agents from accepting a summons on behalf of VMCI and VSI; (3) the defunct corporations have no capital from which to satisfy a judgment.

**ANALYSIS**

**I. Administrative dissolution does not relieve VMCI and VSI from this lawsuit.**

Defendants have attached to their Motions to Dismiss documentation indicating that both corporations were administratively dissolved on November 8, 2004. DN 122-2 at 2; DN 123-2 at 2. However, Defendants' motions do not provide any legal reasoning why a corporation previously dissolved cannot later be named in a legal action.

Where jurisdiction is exercised on diversity of parties, the substantive law of Kentucky governs the dispute. *See Rutherford v. Columbia Gas*, 575 F.3d 616, 623 (6th Cir. 2009). Kentucky law explicitly states that "[d]issolution of a corporation shall not prevent commencement of a proceeding by or against the corporation in its corporate name." KRS § 271B.14-050(2)(e). Kentucky statutes also extend the life of the corporation after administrative dissolution, stating "[a] corporation administratively dissolved continues its corporate existence but may not carry on any business except that necessary to wind up and liquidate its business and

affairs under KRS 271B.14-050." KRS § 271B.14-210.  In interpreting Kentucky's administrative dissolution statutes, courts have generally found that the corporation's existence continues well beyond the actual dissolution.  *See United States v. B & D Vending, Inc.*, No. 02-342-KSF, 2003 WL 21760991, at *4 (E.D. Ky. June 13, 2003) (stating that where the corporation did not take the appropriate steps after its dissolution to wind up its business, defendant was estopped from arguing that corporation did not exist as a result of administrative dissolution); *In re Young*, No. 02-20342, 2004 Bankr. LEXIS 736, at *3-5 (E.D. Ky April 27, 2004) (stating that as the corporation's existence continued even after administrative dissolution, individual shareholder immunity also continued after dissolution).

There no evidence that either VMCI or VSI took the necessary steps after their administrative dissolution such as paying off debts or distributing assets to shareholders to wind up their business.  *See* KRS § 271B.14-050 (describing the process of corporate dissolution). From these facts and the relevant precedent, it is this Court's conclusion that VMCI's and VSI's administrative dissolution did not extinguish their potential liability to Plaintiff.

**II. Registered agents for VMCI and VSI may accept a summons on behalf of the corporations notwithstanding the dissolution of the corporations**.

Both corporations also argue that as a result of the administrative dissolution, the registered agents have no authority to accept service on behalf of the corporations.  This assertion is incorrect.  The Federal Rules of Civil Procedure allow service in accordance with the state rules where process is effectuated.  Fed. R. Civ. P. 4(h)(1)(a), (e)(1).  Kentucky law states that a corporation's registered agent is its agent for service of process.  *See* Ky. R. Civ. P. 4.04(5); KRS § 271B.5-040(1).  It is also clear that service on a registered agent after the dissolution of the corporation is appropriate.  *Castle's Adm'r v. Acrogen Coal Co.*, 140 S.W.

1034, 1036 (Ky. 1911). Service upon an officer of a corporation at the time of the dissolution would also satisfy the Kentucky and Federal requirements. *See* Ky. R. Civ. P. 4.04(5).

### III. Scarcity of funds for VMCI and VSI is not a ground for dismissal.

VMCI and VSI finally assert that neither corporation has sufficient capital to satisfy a judgment against it. As this is not a legal ground for dismissal, this argument is not considered.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Defendants' Motions to Dismiss (DN 122, 123) are DENIED.