# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## PADUCAH DIVISION
## CASE NO. 5:07-CV-00024-R

**CORPORATE SERVICES, a business unit of**
**AMERICAN EXPRESS TRAVEL**
**RELATED SERVICES COMPANY, INC.**                                    **PLAINTIFF**

**v.**

**RICHARD SHUMAKER, et al.**                                         **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant's Motion to Suspend Proceedings (DN 140), Motion to Disqualify Counsel for Plaintiff (DN 142), and Motion to Dismiss (DN 150). Plaintiff has responded to all the motions (DN 143, 149, 152). These motions are now ripe for adjudication. For the reasons that follow, the Defendant's motions are DENIED.

## BACKGROUND

The relevant facts for these particular motions are as follows. This matter arises from an alleged credit card "factoring" scheme. Plaintiff alleges that from 2002 to 2004 Defendant Richard Shumaker masterminded this scheme with accomplices Gayle Vasseur, Janet Vassuer, their companies Vasseur Maintenance & Construction, Inc. ("VMCI") and Vasseur Industrial Services, Inc. ("VSI"), and Larry Stinson. Shumaker allegedly caused VMCI and VIS to amass millions of dollars in credit card charges on their American Express corporate accounts. Virtually all of those credit card charges were processed through two American Express merchant accounts, one set up in the name of Wilmerding World Wide, Inc. ("WWW") and the other in Stinson's name. Plaintiff claims that WWW was a "front" owned, controlled, and dominated by Shumaker. WWW and Stinson's merchant accounts were allegedly used by

Defendants to obtain cash from American Express while artificially inflating their credit stature, even though no goods or services were being provided. Plaintiff seeks $2,604,861.16 in unpaid charges and outstanding balances on Defendant's corporate American Express credit card accounts.

## ANALYSIS

Shumaker, *pro se*, has filed a Motion to Suspend Proceedings, a Motion to Disqualify the Counsel for the Plaintiff, and an "Emergency" Motion to Dismiss. This Court addresses each in turn.

### I. Motion to Suspend Proceedings

Determining whether or not to stay an action is within the sound discretion of the district court. *Ohio Envtl. Council v. United States Dist. Ct.*, 565 F.2d 393, 396 (6th Cir. 1977). Furthermore, "a court must tread carefully in granting a stay of proceedings, since a party has a right to a determination of its rights and liabilities without undue delay." *Id.*

In the motion's confusing recitation of the facts, Shumaker's primary argument appears to be that this Court should suspend proceedings for six months to allow the Securities and Exchange Commission, Federal Bureau of Investigations and the Federal Trade Commission to investigate the Plaintiff's actions in extending fraudulent lines of credit. There is no evidence before this Court that a investigation by any government agency is underway or even contemplated. Shumaker also argues that as motions to dismiss regarding other defendants are pending before this Court, the proceedings should be stayed for six months time. That other motions in this action are pending does not preclude this Court from proceeding as scheduled with this action. Ultimately, none of Shumaker's allegations in this motion provide an

appropriate legal or factual basis for the relief sought.

## II. Motion to Disqualify Counsel for Plaintiff

Shumaker alleges that Plaintiff's counsel has violated a number of the Rules of Professional Conduct and therefore merits disqualification from these proceedings. Shumaker asserts that counsel knowingly made false statements, advised the Plaintiff in a crime or fraud, engaged in deceitful conduct, and made extrajudicial statements that prejudiced the judicial proceeding.

District Courts are given broad discretion when deciding whether counsel for one of the parties before it should be disqualified. *See Moses v. Sterling Commerce (America), Inc.*, 122 F. App'x. 177, 183 (6th Cir. 2005). Courts must confront motions to disqualify counsel from a proceeding cautiously, as "the ability to deny one's opponent the services of capable counsel, is a potent weapon." *Manning v. Waring, Cox, James, Sklar & Allen*, 849 F.2d 222, 224 (6th Cir. 1988). Disqualification should only occur where there is a reasonable possibility that actual, identifiable impropriety took place. *Moses*, 122 F. App'x. at 183-84.

Shumaker's motion is groundless. While taking issue with the accusations and language of the complaint, Shumaker's disagreement with Plaintiff's account of the facts in the pleadings is not a basis for disqualification nor demonstrative of Plaintiff's counsel impropriety. Furthermore, Shumaker's statements that Plaintiff's counsel made extra judicial statements to members of the media are unsubstantiated. Even after a cursory review, it is clear that this motion lacks any basis in fact or law.

## III. Emergency Motion to Dismiss

Finally, Shumaker submits for this Court's consideration an "Emergency" Motion to

Dismiss.  In it, Shumaker examines the Plaintiff's complaint and denies the majority of the allegations set forth in it.  Shumaker also renews his arguments that the Plaintiff is using the court system to slander his name and is engaged in a conspiracy with known and unknown parties to defraud the general public.  After a close examination however, this Court is unable to glean from the motion either an emergency or a legal ground upon which dismissal would be appropriate.  For these reasons, it is denied.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant's Motion to Suspend Proceedings (DN 140), Motion to Disqualify Counsel for Plaintiff (DN 142), and Motion to Dismiss (DN 150) are DENIED.